■ EUGENE A. JURKOWSKI, Individually and as Administrator of the Estate of BELLA E. JURKOWSKI, Deceased, Respondent, v. EUGENE A. JURKOWSKI, as Administrator of the Estate of JENNIE MORELLI, Deceased, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: On March 17, 1962, Bella E. Jurkowski was injured when she was struck by an automobile being driven by her mother Jennie Morelli. The automobile had been left in reverse gear by the daughter. Mrs. Morelli entered the vehicle intending to drive forward in order to garage the vehicle; but, without making any observations, pushed her foot on the accelerator propelling the vehicle backwards into her daughter, causing the injuries which resulted in her death on April 20, 1962. In actions brought by the daughter's husband in his individual capacity and as administrator of her estate, the jury returned a verdict of $2,000 on his individual derivative cause of action, a verdict of $75,000 for her wrongful death and a verdict of $3,400 for conscious pain and suffering. Appellant seeks a new trial on the ground that a portion of a written statement secured from the decedent was erroneously excised when the statement was received in evidence and read to the jury. No issue is raised by appellant as to the negligence of Mrs. Morelli, but it is claimed that the decedent was guilty of contributory negligence as a matter of law and, further, that the verdict in the

wrongful death action is excessive. The statement signed by the decedent shortly after the accident gave a rather detailed account of the occurrence and the sentence excised by the court stated that "*Mother didn't realize* I had left the car in reverse gear" (emphasis supplied). It should be noted that the appellant does not base the claim of error in its exclusion, as bearing on Mrs. Morelli's negligence or freedom therefrom. Rather, appellant pointedly urges that the sole purpose of offering the excluded portion went toward the proof of decedent's contributory negligence. No where in the record is there any denial of the fact that the decedent left the car in reverse gear. In fact, it was established by the testimony of her husband and the investigating police officer that the decedent had admitted to them that she had done so. Under the circumstances any claim of prejudicial error loses its vitality. The facts disclosed by this record including Mrs. Morelli's 33-year driving experience and her intention to drive forward to a garage, do not permit a conclusion of contributory negligence as a matter of law. The entire testimony presented a clear question for the jury to determine. (Appeal from judgment of Erie Trial Term in automobile negligence action.) Present — Goldman, P. J., Marsh, Witmer, Gabrielli and Henry, JJ.